USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/4/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-against-

THOMAS B. STRINGER,

                    Defendant.

1:10-cv-632 (MKV)

**ORDER DENYING EARLY TERMINATION OF SUPERVISED RELEASE**

MARY KAY VYSKOCIL, United States District Judge:

*Pro se* Defendant Thomas Stringer has moved for early termination of supervised release under 18 U.S.C. § 3583(e)(1). [ECF No. 95] ("Mot."). The Government opposes the motion. [ECF No. 98] ("Opp."). For the reasons that follow, Defendant's motion is DENIED.

## BACKGROUND

On June 30, 2011, Defendant Thomas Stringer was charged by superseding indictment [ECF No. 40] with bank fraud in violation of 18 U.S.C. § 1344, and aggravated identity theft in violation of 18 U.S.C. § 1028A. Stringer was found guilty on both counts by a unanimous jury. *See* Minute Entry dated July 28, 2011; ECF No. 56. Judge Gerard Lynch sentenced Stringer to thirty-six months imprisonment with respect to the bank fraud count, which ran consecutively to twenty-four months imposed on the aggravated identity theft count, for a total sentence of sixty months incarceration. [ECF No. 84] (the "Judgment"). Judge Lynch imposed a five-year term of supervised release to run concurrently on both counts. Judgment at 3. Judge Lynch also ordered that Stringer pay $104,731 in restitution, and imposed the special conditions that he provide the Probation Office with any requested financial information and not incur any new credit obligations of any kind without the permission of the Probation Office, unless he is in compliance with the restitution payment scheduled. Judgment at 4. Stringer appealed his conviction, challenging the sufficiency of the superseding indictment and a denial of his request

1

to adjourn the trial date.  [ECF No. 87]; *United States v. Stringer*, 730 F.3d 120 (2d Cir. 2013).  The Second Circuit rejected Stringer's arguments and affirmed his conviction.  *Stringer*, 730 F.3d at 128.

On July 19, 2019, Stringer was released from federal custody and began his five-year term of supervised release.  *See* Mot. at 1; Opp. at 3.  Stringer resides in and is supervised by the Southern District of Florida.  *See generally* Mot. at 1; Opp. at 3.[1]  To date, Stringer has been on supervised release for just over three years.  Unless otherwise modified, Stringer's five-year term of supervised release will expire on July 18, 2024.

## LEGAL STANDARD

Section 3583(e) gives the Court the power to "terminate a term of supervised release . . . at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice," after considering a subset of the factors listed in 18 U.S.C. § 3553.  18 U.S.C. § 3583(e)(1).  Modification of a defendant's supervised release term is appropriate "in order to account for new or unforeseen circumstances."  *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997).  But modification or early termination "is not warranted as a matter of course."  *United States v. Bastien*, 111 F. Supp. 3d 315, 321 (E.D.N.Y, 2015) (citation omitted).  To the contrary, the Second Circuit has explained that it is appropriate only "occasionally" and when "changed circumstances" of the defendant render the term "either too harsh or inappropriately tailored to serve" the goals of 18 U.S.C. § 3553(a).  *Lussier*, 104 F.3d at 36.  Ultimately, the decision to

---

[1] Though Stringer resides outside of the Southern District and is supervised in Florida, as the sentencing court, this Court retains jurisdiction over the case for purposes of modifying his sentence.  *See United States v. Johnson*, 2021 U.S. Dist. LEXIS 219592, at *5 (S.D.N.Y. Nov. 12, 2021) ("Pursuant to 18 U.S.C. Section 3583(e), a sentencing court may, after considering the factors listed in 18 U.S.C. Section 3553(a), terminate a term of supervised release after the expiration of one year of supervision") (internal quotation marks omitted).

modify supervised release is left to the discretion of the district court. *See United States v. Johnson*, 529 U.S. 53, 60 (2000); *Lussier*, 104 F.3d at 36. The Court need not make "specific findings of fact with respect to each factor [under 18 U.S.C. § 3553(a)]" as long as the record reflects that the court considered them. *United States v. Gammarano*, 321 F.3d 311, 315-16 (2d Cir. 2003); Mehler, Gleeson, & James, *Federal Criminal Practice: A Second Circuit Handbook* § 42-46 (21st ed. 2021).

## DISCUSSION

Defendant has made no showing that modification of the term of supervised release is warranted and the Court denies the Defendant's motion for early termination of supervised release. While the Defendant states that he "has never violated any conditions of [s]upervised [r]elease" and has "maintained good standing" with "[n]o incidents [and] no violations," Defendant's self-proclaimed compliance is insufficient grounds to justify modification. Mot. at 1. Full compliance with the terms of supervised release is the norm, not a "changed circumstance" warranting early discharge. *See United States v. Rusin*, 105 F. Supp. 3d 291, 292 (S.D.N.Y. 2015); *see also* Bastien, 111 F. Supp. 3d at 321 ("Full compliance with the terms of supervised release is what is expected."); *United States v. Medina*, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998) ("While [the defendant's] post-incarceration conduct is apparently unblemished, this alone cannot be sufficient reason to terminate the supervised release since, if it were, the exception would swallow the rule."); *Lussier*, 104 F.3d at 36.

The Court notes that the Government's opposition raises questions as to whether the Defendant truly has been fully compliant with the terms of his supervised release. *See* Opp. at 3-4. For example, although Judge Lynch imposed the special condition that "[t]he defendant shall provide the Probation Officer with any requested financial information" and "not incur new credit obligations of any kind without the permission of the Probation Department unless he is in

compliance with the restitution payment schedule," Judgment at 4, the Defendant has apparently "placed a security freeze on his credit report," which he has not released even after instructions to do so by probation. Opp. at 3. He allegedly further refuses to provide probation with "employment paycheck stubs and provide bank statements," despite repeated requests, even though he is obligated by the condition of his supervised release to provide probation with requested financial information and "make best efforts to comply with the order of restitution."[2] Opp. at 3; Judgment at 4; *see* 18 U.S.C. § 3553(a)(7) (the Court must consider "the need to provide restitution to any victims of the offense"); 18 U.S.C. § 3583(e) (Court considers § 3553(a)(7) on request to modify supervised release).

Moreover, having considered "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1), and the need to "afford adequate deterrence to criminal conduct" and "protect the public from further crimes of the defendant," 18 U.S.C. §§ 3553(a)(2)(B)-(C), the Court finds that supervised release remains appropriate. The Defendant has an extensive criminal history, including at least eighty arrests and forty-eight convictions, mostly involving fraud-related crimes. Opp. at 2; PSR ¶¶ 30-76. In November 2000, the Defendant was sentenced in Miami, Florida to serve a 42-month sentence for fraudulent conduct involving the production of counterfeit checks. PSR ¶¶ 49. While serving his sentence of incarceration, Defendant escaped from federal custody and was later sentenced to an additional 27 months of incarceration for the escape. PSR ¶¶ 63, 65. Once released and placed on supervised release, the Defendant was arrested twice more on fraud charges, and otherwise violated his supervised release by absconding from the jurisdiction. PSR ¶¶ 66. The

---

[2] The Government reports that the Probation Office in Florida which oversees the Defendant's supervision opposes termination of his release and is in the process of preparing a notice of violation. Opp. at 3.

Defendant's term of supervised release was ultimately revoked, and he was sentenced to 24 months' imprisonment. *See United States v. Stringer*, 02-cr-20079 (S.D. Fla.), ECF No. 68. Given this background, it is manifestly apparent that supervised release remains necessary as it will continue to provide the opportunity for specific and adequate deterrence to further criminal conduct, and serves to protect the public from further crimes the Defendant may commit.

To the extent that the Defendant wishes to travel or move to Maryland, Mot. at 9, he should raise his desire with probation.

## CONCLUSION

For the reasons stated herein, the Court DENIES Defendant's motion for early termination of supervised release. The Clerk of the Court respectfully is requested to terminate the motion at ECF No. 95, and mail a copy of this Order to the *pro se* Defendant at the address of record.

**SO ORDERED.**

**Date: August 4, 2022**
**New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**